Wilfred A. Waltemade, J.
Petitioner was sentenced on April 4,1969, to a term of one year for possession of drugs with intent to sell, and he was credited with 14 days ’ jail time. Pursuant to section 70.40 of the Penal Law and subdivision 5 of section 827 of the Correction Law the petitioner, after serving 2 months and 16 days, applied for and received his conditional release, dated June 25, 1969. At the time of his release, there was a *267 detainer warrant filed against him and he was brought to Criminal Court, County of New York, on a prior charge of criminal trespass. The petitioner was incarcerated on that charge from June 25, 1969, to July 28, 1969, when he was released by the Criminal Court in his own custody. On August 20, 1969, the petitioner was taken into custody by his parole officer for violating the terms and conditions of his conditional release. The violations were unrelated to the charge of criminal trespass on which the petitioner was held in the Criminal Court. Petitioner was declared a delinquent on September 3,1969, as of August 19, 1969.
At the time of petitioner’s conditional release, he owed 6 months and 28 days, and the maximum expiration date of his sentence has not yet occurred. Petitioner urges that the time he was incarcerated on the criminal trespass charge pending in the Criminal Court should be credited against his maximum sentence. The respondent, resisting petitioner’s claim, relies on the provisions of subdivision 5 of section 827 of the Correction Law which provides in part as follows: “No person shall be conditionally released or paroled unless he has agreed in writing to the conditions of such release or parole and every conditional release agreement shall contain the following clause printed immediately above the signature line: ‘ I understand and agree that if 1 am returned to a correctional institution for violation of any of the above conditions, the time spent under conditional release will not be credited against the term of my sentence.’ ” (Emphasis supplied.)
It is not disputed that the conditional release signed by the petitioner contained the statutory language required by the cited statute. However, that fact alone is not dispositive of the issue posed in this writ. The purpose of a conditional release is to free a prisoner from the rigors and regimentation of institutional confinement and to permit the prisoner to remain at liberty and resume a normal life, subject only to the conditions of the release.
The legislative command expressed in subdivision 1 of section 827 of the Correction Law is that: ‘ ‘ Release shall not, however, be granted merely as a reward for good conduct or efficient performance of duties assigned in the institution, but only if the board of parole is of opinion that there is reasonable probability that, if such person is released, he will live and remain at liberty without violating the law, cmd that his release is not incompatible with the welfare of society. ’ ’ (Emphasis supplied.)
The Legislature’s command that a prisoner be conditionally released so that “ he will live and remain at liberty ” has been *268 frustrated in the instant proceeding. It is undisputed that the relator was immediately taken from the New York City Correctional Institution to the Criminal Court on the warrant lodged with respondent. The relator was not released ‘1 to live and remain at liberty. ” All that occurred was a change in his place of confinement. He still remained subject to the restrictions, rigors and regimentation of a jail. Confinement in a house of detention while awaiting trial on a pending charge is no less severe than confinement in a correctional institution on a sentence imposed by a court after a conviction. That the Board of Parole was aware of the fact that the relator would not be released to ‘ ‘ live and remain at liberty ’ ’, but rather that he would be continued in custody on a warrant lodged on the criminal trespass charge pending a disposition in the Criminal Court, is undisputed. Under item 15, Special Conditions of the Conditional Release signed by the relator, is typed the following: “Warrant. Manhattan Criminal Court $1000 Bail. Criminal Trespassing”, and the following words are typed just above the date of the conditional release: “ In the event I am released from the above warrant after 6/27/69,1 will report to 314 West 40th Street, bet. 8 & 9th Avenue.”
Under the circumstances of this case, the effective date of the conditional release was tolled until the relator’s actual release from custody on July 28, 1969. The granting of a conditional release is not mandatory and rests within the ‘ ‘ sound discretion of the Board of Parole ”. With knowledge of the outstanding warrant and a recognition of its existence by the indorsement reference on the relator’s conditional release form, the parole authorities are nonetheless now seeking to recoup from this relator the 33 days (June 25-July 28, 1969) during which he never enjoyed the liberty which the Parole Board intended under its conditional release. It is significant that the violation of his conditional release is predicated on charges unrelated to the warrant referred to herein and which arose after his release on the warrant. It is likewise salutary to note that the warrant of the Criminal Court was subsequently vacated.
Simple justice dictates that no person should be deprived of something to which he was entitled, but never received. The parole authorities had the option to permit this relator to be 1 ‘ borrowed ’ ’ from them, which is an accepted practice, in order for him to respond to the warrant, and upon its disposition, the board could have granted its conditional release. By granting this relator’s petition to give him credit for the 33 days he was in custody by advancing the effective date of the conditional *269 release to July 28, 1969, the court does not do violence to the imposition of the sanctions as provided in subdivision 5 of section 827 of the Correction Law to the effect that when a prisoner violates the conditions of his release he may be returned to prison and lose all of the time he was at liberty. This determination does not interfere with the enforcement of such provision, but the date to be used in calculating how much “ street time ” this relator owes because of his subsequent violation of the release conditions, is July 28, 1969, which this court determines is the effective date of the conditional release.
Since the relator is now credited with the time spent in custody on the criminal trespass charge, the maximum expiration date of his sentence has expired.
Accordingly, the writ is sustained and the relator is to be forthwith discharged from custody.